**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruby Dolezal, | No. CV-08-1362-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Randall (Rock) Fritch; and Cari A. Bond, aka Cari Howerton and Cari Fritch, | |
| Defendants. | |

Plaintiff Ruby Dolezal has filed a motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Dkt. #11. No response has been filed. For reasons explained below, the Court will grant the motion.

**I.   Background.**

Plaintiff obtained a default judgment in state court against Cari Bond and others in the amount of $1,135,000. Dkt. #1 at 6-11. Plaintiff alleges in this suit that the state court judgment is unsatisfied, that Bond obtained $250,000 from the sale of real estate, that the proceeds are not exempt from execution under the state court judgment, and that Bond fraudulently transferred the proceeds to Randall Fritch in violation of Arizona law. *Id.* at 2-3. Plaintiff seeks a monetary judgment in the amount of $250,000. *Id.* at 4.

**II.   Plaintiff's Motion for Default Judgment.**

Because Defendants' default has been properly entered pursuant to Rule 55(a)

(*see* Dkt. ##7, 8, 10), the Court has discretion to grant default judgment against Defendants pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the Court should consider in deciding whether to grant default judgment include (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying these factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d).

### A. Possible Prejudice to Plaintiff.

The first *Eitel* factor weighs in favor of granting default judgment because Plaintiff will be prejudiced if default judgment is not entered. Plaintiff served process on Defendants more than a month ago. Dkt. #7. Defendants have not answered or otherwise responded to the complaint. If Plaintiff's motion for default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### B. The Merits of the Claim and the Sufficiency of the Complaint.

The second and third *Eitel* factors favor a default judgment where the complaint states a claim for relief under the notice pleading standards of Rule 8. *See Cal. Security Cans*, 238 F. Supp. 2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978)). Plaintiff's complaint alleges that Bond transferred the proceeds from the sale of real estate to Fritch without receiving reasonably equivalent value and that Bond was insolvent at the time of the transfer. Dkt. #1 at 3, ¶ 9. This is sufficient to state a plausible claim for fraudulent transfer under Arizona law. *See* A.R.S. § 44-1005; *Kaufmann v. M & S Unlimited, L.L.C.*, 121 P.3d 181, 184 (Ariz. Ct. App. 2005). The second and third *Eitel* factors therefore favor a default judgment.

**C.     The Amount of Money at Stake.**

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of Defendants' conduct. *See Cal. Security Cans*, 238 F. Supp. 2d at 1176. The state court judgment against Bond is based on a finding that her conduct "constituted a fraud in violation of the securities laws of the State of Arizona, and further constituted common law fraud, deceit and manipulation in connection with the purchase or sale of a security." Dkt. #1 at 9, ¶ L. The fraudulent transfer in this case was made with actual intent to defraud Plaintiff and to hinder and delay her recovery on the state court judgment. *Id.* at 3, ¶ 10. Given the egregious nature of Defendants' misconduct, a default judgment in the amount of $250,000 is reasonable. This factor weighs in favor of a default judgment. *See Bd. of Trs. of Cal. Metal Trades v. Pitchometer Propeller*, No. C-97-2661-VRW, 1997 WL 7979222, at *1 (N.D. Cal. Dec. 15, 1997) (granting default judgment where amount of money at stake was reasonable and justified).

**D.     Possible Dispute Concerning Material Facts.**

Given the sufficiency of the complaint and Defendants' default (*see* Dkt. ##1, 10), "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *Cal. Security Cans*, 238 F. Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560.

**E.     Whether Default Was Due to Excusable Neglect.**

Defendants were properly served with process. *See* Dkt. #7; Fed. R. Civ. P. 4(e); Ariz. R. Civ. P. 4.2(f). It therefore is "unlikely that [Defendants'] failure to answer and the resulting default was the result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).

**F.     The Policy Favoring a Decision on the Merits.**

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Cal. Security Cans*, 238 F. Supp. at 1177 (citation omitted). Moreover, Defendants' failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible." *Id.* The Court therefore is not

precluded from entering default judgment against Defendants. *See id.*; *Gemmel*, 2008 WL 65604 at *5.

### G. Conclusion.

Having reviewed Plaintiff's motion, and having carefully considered the *Eitel* factors as a whole, the Court concludes that, pursuant to Rule 55(b), the entry of default judgment is appropriate.[1]

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Dkt. #11) is **granted**.
2. Judgment on Plaintiff's claim for fraudulent transfer is entered in favor of Plaintiff and against Defendants in the amount of **$250,000.00**.
3. The Clerk is directed to **terminate** this action.

DATED this 23rd day of October, 2008.

*Daniel G. Campbell*
———————————————
David G. Campbell
United States District Judge

---

[1] Plaintiff seeks prejudgment interest in the amount of 10% per annum from November 21, 2007, the date of Bond's sale of real estate. Dkt. #11 at 2, ¶ 8. Plaintiff, however, does not identify the date of the fraudulent transfer. The Court accordingly will deny Plaintiff's request for prejudgment interest.