**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruby Dolezal, | No. CV 08-1362-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Randall Fritch and Cari A. Bond, | |
| Defendants. | |

Defendants have filed an emergency motion to vacate the default judgment entered against them by this Court on October 10, 2008. Dkt. #14. Plaintiff has filed a response in opposition. Dkt. #15. Defendants have not filed a reply and the time for doing so has passed. The Court will deny Defendants' motion.

**I.     Background.**

Plaintiff obtained a default judgment in state court against Defendant Cari Bond and others in the amount of $1,350,000. Dkt. #1 at 6-11. To partially satisfy that judgment, Plaintiff filed an action in this Court to recover $250,000 that Bond had obtained from the sale of real estate and fraudulently transferred to Randall Fritch in violation of Arizona law. *Id.* at 2-3. Plaintiff effected service by publication on both Defendants. Plaintiff's attorney filed an affidavit of service by publication stating that Defendants' exact address was unknown, but that Plaintiff believed they were located in Colorado. Dkt. #7 ¶ 3. The affidavit also stated that Plaintiff made efforts to find the Defendants' location in Colorado,

including deposing Bond's mother, but that Plaintiff still could not discover Defendants' address. *Id.* ¶ 7. Plaintiff published notice of this action and an explanation of how the pleadings could be obtained on August 15, August 22, August 29, and September 5, 2008. *Id.* ¶ 5.

On September 18, 2008, Plaintiff filed a motion for entry of default. Dkt. #8. The clerk entered default against Defendants on September 26, 2008. Dkt. #10. On October 8, 2008, Plaintiff moved for an entry of default judgment. Dkt. #11. The Court granted default judgment on October 24, 2008. Dkt. #13.

On November 2, 2008, Defendants filed an emergency motion to vacate the default judgment pursuant to Federal Rules of Civil Procedure 4(e)(1), 60(b)(3), 60(b)(6), and 60(d)(1). Dkt. #14. Defendants argue that the Court should vacate the default judgment because Plaintiff failed to comply with Arizona law regarding personal service. *Id.* at 1.[1]

**II.     Analysis.**

Under Rule 60(b), a court may grant a motion for relief from a final judgment or order "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (quoting FED. R. CIV. P. 60(b) and *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985)). Defendants ask this Court to vacate the default judgment against them pursuant to Rule 60(b)(3) and Rule 60(b)(6). Dkt. #14 at 1.

---

[1]The Court will not address Defendants' claims under Rules 4(e)(1) and 60(d)(1) because these rules do not provide an avenue for relief. Rule 4(e)(1) merely states that federal courts follow state law for serving a summons; it does not allow a party to vacate a judgment. Rule 60(d)(1) provides that the Court's power to grant relief pursuant to an independent action is not limited by the remedy provided in Rule 60. Because Defendants are seeking a remedy under Rule 60(b) rather than through an independent action, Rule 60(d)(1) does not apply.

**A.     Rule 60(b)(3).**

Rule 60(b)(3) allows the court to relieve a party from a final judgment for fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). Defendants must prove by clear and convincing evidence that the judgment was "obtained through fraud, misrepresentation, or other misconduct." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (internal citations and quotations omitted). Defendants fail to allege any acts of fraud, misrepresentation, or misconduct on the part of Plaintiff.

**B.     Rule 60(b)(6).**

Rule 60(b)(6) is a catchall that allows a court to set aside a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This rule is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (internal quotations omitted). Defendants must demonstrate both injury and circumstances beyond their control which prevented them from proceeding with the action in a proper fashion. *Id.* (internal quotations omitted).

      **i.     Failure to comply with Rule 4.1(n).**

Defendants assert that service by publication was improper because Plaintiff failed to comply with the requirements of Arizona Rule of Civil Procedure 4.1(n). Dkt. #14 at 3-4. While Defendants are correct that Rule 4.1(n) permits service by publication only when the defendant's last known address was within Arizona, Plaintiff did not serve Defendants pursuant to this rule. Plaintiff's affidavit of service by publication clearly states that Plaintiff served Defendants pursuant to Rule 4.2(f). Dkt. #7 ¶ 4. Rule 4.2(f) permits service by publication on a defendant whose last known residence was outside of Arizona. Ariz. R. Civ. P. 4.2(f).

      **ii.     Failure to exercise due diligence.**

Defendants also claim that service by publication was improper because Plaintiff failed to establish both that personal service of Defendants was not possible and that Plaintiff

- 3 -

1  exercised sufficient due diligence.[2] *Id.* Dkt. #14 at 3. Defendants assert that Plaintiff failed
2  to disclose to the Court that Defendants' address was discoverable from Defendant Bond's
3  mother. *Id.* at 4.

4  Rule 4.2(f) requires a party who serves pleadings by publication to file an affidavit
5  showing the circumstances that warranted service by publication. Ariz. R. Civ. P. 4.2(f).
6  This affidavit is prima facie evidence of compliance with Rule 4.2(f). *Id.* In determining
7  whether service by publication was proper, the Court may also consider evidence outside of
8  the affidavit which demonstrates that service by publication was warranted. *See Barlage v.*
9  *Valentine*, 110 P.3d 371, 374 (Ariz. Ct. App. 2005) (citing *Hirsch v. National Van Lines,*
10 *Inc.*, 666 P.2d 49, 53 (Ariz. 1983). The facts that follow are taken from the declaration of
11 Plaintiff's attorney and the affidavit of service by publication.   Dkt. ## 7, 15 at 13-16.
12 Defendants have provided no response to these documents.  These facts establish that
13 personal service was not possible and that Plaintiff exercised due diligence in trying to locate
14 Defendants before effecting service by publication. *Id.*

15 Plaintiff spent considerable time attempting to locate Defendants.  In March of 2007,
16 Plaintiff retained a private investigation firm to search for Defendant Bond, but this search
17 was unsuccessful. Dkt. #15, Ex. A ¶6. Bond then set up residence in Overgaard, Arizona
18 and Plaintiff tried to serve her with a subpoena, but was unsuccessful. *Id.* ¶ 7. Plaintiff was
19 then informed that Bond was living in Colorado with her father. *Id.* ¶ 8. Plaintiff served
20 both Defendants at that address by regular and certified mail, but all mailings were returned
21 as "not deliverable." *Id.* In April of 2008, Plaintiff's attorney spoke with Bond's attorney
22 of record in a previous case, but that attorney did not know Bond's address. *Id.* ¶ 9. Plaintiff
23 did manage to have Bond served with a subpoena duces tecum at her mother's house on June

---

25  [2]In a footnote, Defendants cite *Mullane v. Central Hanover Bank & Trust Co.*, 339
26  U.S. 306, (1950), for the proposition that "publication satisfies due process minimum notice requirements if it is the best means of notice under the circumstances and is reasonably
27  calculated to apprise the interested parties of the pendency of the action." *Id.* at 314. Because Defendants do not make an argument that service by publication in this instance
28  violated their due process rights, the Court will not address this constitutional issue.

- 4 -

13, 2008, but Bond never appeared. *Id.* ¶ 3. Plaintiff deposed Bond's mother on August 27, 2008, but she would not disclose Defendants' address because it was protected by a court order. Dkt. #7 ¶ 7; 15 ¶ 5. Also in August of 2008, Plaintiff's attorney requested Defendants' address from Defendants' current attorney. Dkt. #15 ¶ 12. Defendants' attorney declined to provide an address for Defendants, but agreed to accept service on their behalf if Plaintiff's counsel would agree not to make any future attempts to discover their location. Dkt. #15 ¶¶ 12-14. Plaintiff's counsel would not agree to that condition. *Id.*

Plaintiff completed service by publication on September 15, 2008, thirty days after the first publication of the summons. Ariz. R. Civ. P. 4.2(f), Dkt. #7 ¶ 5. On September 19, 2008, the day after filing a motion for the entry of default, Plaintiff discovered Defendants' address in Colorado through a national brokerage firm with whom Defendant Fritch had accounts. Dkt. #15 ¶ 15. Plaintiff sent a copy of the Entry of Default to Defendants at their Colorado address and the mailings were not returned. *Id.*

Plaintiff diligently attempted to discover Defendants' address. Defendants argue that Plaintiff should have disclosed to the Court that their address was discoverable through Bond's mother, but Plaintiff deposed Bond's mother and was unable to discover their address. Defendants also argue that service by publication was not proper because Plaintiff eventually secured a court order requiring Bond's mother to disclose Bonds's address. Dkt. #14 at 4. In fact, the order Defendants refer to does not require Bond's mother to disclose the address, but rather clarifies that she is permitted to do so. Dkt. #14 at 14. The order is dated September 22, 2008, after service by publication was complete and Plaintiff had requested an entry of default.

The purpose of Rule 60(b)(6) is to prevent "manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). The Ninth Circuit has reminded courts that this rule is to be used "sparingly," *id.*, and that there is "a compelling interest in the finality of judgments which should not lightly be disregarded," *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983). Accordingly, a party invoking Rule 60(b) must establish a burden or hardship that "cries out for the unusual remedy" of reopening a final

- 5 -

1 judgment. *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989) (citation omitted). Defendant has not demonstrated a manifest injustice or that they deserve this unusual remedy. Rather, the facts show that Defendants avoided every attempt Plaintiff made to personally serve them, forcing Plaintiff to effect service by publication.

**III.    Arguments and Showings Not Made By Defendants.**

The Ninth Circuit has addressed the showing required to set aside a default judgment under Rule 55(c) of the Federal Rules of Civil Procedure. *See Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922 (9th Cir. 2004)*; TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d 691 (9th Cir. 2001). Defendants do not cite these cases or Rule 55(c).

The Court may set aside the entry of default if good cause is shown. Fed. R. Civ. P. 55(c). In determining whether good cause has been shown, the Court considers (1) whether there was culpable conduct on the part of the defendant, (2) whether any meritorious defenses are available, and (3) whether there is any prejudice to the plaintiff. *See TCI Group*, 244 F.3d at 696. "[T]he party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment." *Id.* The burden is not "extraordinarily heavy," *id.* at 700, but Defendants make no attempt to satisfy it.

**A.    Culpable Conduct.**

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Id.* at 697. Intentional conduct, in this context, must rise to the level of conduct which is willful, deliberate, or done in bad faith. *Id.* at 697-98. The facts set forth above suggest that Defendants had actual or constructive notice of this action. Numerous attempts were made to serve them. Mail was sent to their now-known address and returned unopened. Their attorney offered conditionally to accept service for them, clearly reflecting a knowledge of this lawsuit. Copies of the default application were mailed to their now-known address and not returned. And yet Defendants made no effort to appear, answer the complaint, or oppose the default application. The Court concludes that their conduct was culpable.

**B.     Meritorious Defenses.**

To establish that a meritorious defense exists, Defendants must allege specific facts that would constitute a defense. *Id.* at 700. The Court need not conclude that Defendants would prevail on the defense to determine that this factor weighs in favor of setting aside default. *See Apache Nitrogen Products, Inc. v. Harbor Insurance Co.*, 145 F.D.R. 674, 682 (D. Ariz. 1993). The Court need only find that the defense may cause a different result than the default. *Id.* Defendants have made no attempt to show that they possess a meritorious defense to this action.

**C.     Prejudice.**

Defendants do not address possible prejudice to Plaintiff if the default is set aside. At a minimum, Plaintiff would lose the substantial expense invested in seeking to locate Defendants, repeatedly publishing notice of this case, and procuring the default and default judgment.

**D.     Conclusion.**

The Court may, in its discretion, deny a motion to set aside a default judgment under Rule 55(c) if a defendant fails to satisfy any of these three factors. *See Franchise Holding*, 375 F.3d at 926. Defendants fail to satisfy all three. Thus, even though Defendants fail to make the argument, the Court concludes that the default judgment should not be set aside under the good cause standard of Rule 55(c).

**IT IS ORDERED** that Defendants' emergency motion to vacate the default judgment (Dkt. #14) is **denied**.

DATED this 12th day of December, 2008.

_____
David G. Campbell
United States District Judge