**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruby Dolezal, | No. CV-08-1362-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Randall Fritch; and Cari A. Bond, | |
| Defendants. | |

On February 10, 2009, the Court entered an order requiring Defendants Randall Fritch and Cari A. Bond to show cause why they should not be held in contempt for failing to obey a subpoena duces tecum served by Plaintiff under Rule 45 of the Federal Rules of Civil Procedure. Dkt. #19. The hearing was scheduled for March 4, 2009. *Id.* Defendants and their attorney failed to appear. Dkt. #22.

Shortly before the hearing, Defendants notified the Court that they had filed for bankruptcy in Colorado. Dkt. #21. Plaintiff's counsel argued at the hearing, apparently correctly, that a bankruptcy filing does not stay a previously-noticed contempt proceeding. *See In Re O'Brien*, 153 B.R. 305, 308 (D. Or. 1993) (citing *David V. Hooker, Ltd.*, 560 F.2d 412, 418 (9th Cir. 1977)).

During the hearing, the Court asked Plaintiff's counsel where the subpoena duces tecum had been issued and served, and where it required a response. Plaintiff's counsel explained that the subpoena was issued by this Court, served on Defendants in Colorado, and

1 required Defendants to appear for depositions and document production at the offices of
2 Plaintiff's counsel in Phoenix, Arizona. *See* Dkt. #18. When the Court asked whether the
3 subpoena was properly served in light of Federal Rule of Civil Procedure 45(b)(2), Plaintiff's
4 counsel asked for an opportunity to brief the issue. The Court agreed, and Plaintiff has now
5 filed a memorandum. Dkt. #23.

6 Rule 45(b)(2) states that a subpoena may be served within the district of the issuing
7 court, outside the district but within 100 miles of the place specified for the deposition,
8 hearing, trial, production, or inspection, or in accordance with state or federal law. The
9 subpoena at issue in this case called for Defendants in Colorado to appear and produce
10 documents in Phoenix, Arizona. Thus, the subpoena was served outside this district and
11 more than 100 miles from the place where appearance and production were required.

12 Plaintiff's counsel argued that service was proper because Defendants are parties to
13 this litigation, Rule 45(b)(2) is expressly subject to Rule 45(c)(3)(A)(ii), and the appropriate
14 negative inference to be drawn from Rule 45(c)(3)(A)(ii) is that parties may be required to
15 respond to a subpoena served outside the issuing district and that require them to travel more
16 than 100 miles. In support, Plaintiff cites *In re Vioxx Products Liability Litigation*, 438
17 F. Supp. 2d 664 (E.D. La. 2006). The *Vioxx* decision supports Plaintiff's reading of Rule 45.

18 Other courts have disagreed with *Vioxx*, holding that Rule 45(b)(2) specifies where
19 subpoenas may be served and Rule 45(c)(3)(A)(ii) merely makes clear that nonparties cannot
20 be required to travel more than 100 miles except for trial within the district where they are
21 served. The most complete explanation of this position is found in *Johnson v. Big Lots*
22 *Stores, Inc.*, 251 F.R.D. 213 (E.D. La. 2008), a decision from the same district as *Vioxx*.

23 The Court has read *Vioxx*, *Johnson*, and related cases, and finds *Johnson* to be
24 persuasive. The clear language of Rule 45(b)(2) states that a subpoena issued by this Court
25 may be served only within this district or outside of the district but within 100 miles of where
26 the event for which the subpoena is issued will occur, unless state or federal law provide
27 otherwise (they do not in this case). Rule 45(c)(3)(A)(ii) creates a limitation on this scope
28 of service, stating that nonparties may not be required to travel more than 100 miles for a

- 2 -

1  nontrial event, and not even for trial if undue expense would be incurred. Thus, for example,
2  even though the scope of service in Rule 45(b)(2) would permit a party before this Court to
3  serve a subpoena for a deposition or document production on a nonparty witness in Page,
4  Arizona, which is within this district but more than 100 miles from Phoenix, the limitation
5  in Rule 45(c)(3)(A)(ii) would make clear that the witness could not be required to travel to
6  Phoenix for the deposition or production. The witness could be compelled by the subpoena
7  to appear in Page, or within 100 miles of Page, but not in areas of the district beyond a 100-
8  mile radius. Rule 45(c)(3)(A)(ii) also makes clear that the nonparty could be required to
9  attend trial in Phoenix only if undue expense would not be incurred. A party residing in
10 Page, by contrast, is not protected by Rule 45(c)(3)(A)(ii) and could be required by subpoena
11 to travel to Phoenix for a deposition, production, or trial.

12     That Rule 45(c)(3)(A)(ii) seeks to protect nonparties from inconvenience that might
13 arise from the Rule 45(b)(2) scope-of-service provision – rather than to expand that scope
14 of service – is supported by the contempt provision of the rule. Rule 45(e) provides that a
15 person who fails to comply with a properly served subpoena may be held in contempt, and
16 then contains this exception: "[a] nonparty's failure to obey must be excused if the subpoena
17 purports to require the nonparty to attend or produce at a place outside the limits of Rule
18 45(c)(3)(A)(ii)." This provision makes clear that the intent of Rule 45(c)(3)(A)(ii) is to
19 protects nonparties, even if the subpoena otherwise complies with the scope-of-service
20 provision in Rule 45(b)(2). Rule 45(c)(3)(A)(ii) constitutes a limitation on the scope-of-
21 service provision for the benefit of nonparties, not a negatively implied expansion of that
22 provision for parties. As *Johnson* notes, this interpretation comports with the 1991
23 amendments to Rule 45 (which added Rule 45(c)(3)(A)(ii)) and the advisory committee notes
24 that accompanied those amendments. 251 F.R.D. at 220-21.

25     Plaintiff asserts that Defendants waived any objection to the subpoena by failing to
26 file a timely objection, citing *Deal v. Lutheran Hospitals & Homes*, 127 F.R.D. 166 (D.
27 Alaska 1989). The *Deal* case holds that parties waive objections to document demands in
28 subpoenas if they do not timely object, and notes that the document production aspects of

Rule 45 should be read consistently with Rules 33, 34, and 36 of the Federal Rules of Civil procedure, which contain similar waiver provisions. *Id.* at 168. *Deal* does not hold that a party served with a subpoena outside the geographical scope of Rule 45 becomes subject to the subpoena by failing to object.

Because the Court concludes that the subpoena in this case required compliance beyond the boundaries authorized by Rule 45, the Court will not proceed with the contempt hearing.

**IT IS ORDERED:**

1. Because Defendants have filed for bankruptcy, further prosecution of this case is **stayed**.
2. Plaintiff shall file a status report no later than **June 19, 2009**, concerning the status of Defendants' bankruptcy and what action, if any, should be taken in this case.

DATED this 23rd day of March, 2009.

_____
David G. Campbell
United States District Judge

- 4 -